COOK v. NEW AMSTERDAM REAL-ESTATE ASS'N.

(Supreme Court, Appellate Division, Second Department. February 11, 1896.)

JUDGMENT OF FORECLOSURE—VACATION.

Defendant in an action to foreclose a mortgage having answered that the mortgage was security for less than the amount therein mentioned, and having been represented by counsel in court, it was error to set aside a regularly obtained judgment of foreclosure on affidavit by defendant's counsel that he allowed judgment to be taken because of a promise that the amount of the mortgage would be afterwards adjusted, where the alleged promise was not established by a preponderance of evidence, and no authority in the person making the promise was shown, and the defense pleaded did not appear to be meritorious.

Appeal from special term.

Action by Oliver W. Cook against the New Amsterdam Real-Estate Association, impleaded with others. From an order of the special term vacating a judgment in foreclosure, and permitting defendant to defend the action upon the answer already served, or another answer, if served within 20 days from the date of the order, plaintiff appeals. Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BART-LETT, and HATCH, JJ.

Henry W. Smith, for appellant.

John H. Clapp, for respondent.

BARTLETT, J. This was an action to foreclose a mortgage for $10,000 made by the New Amsterdam Real-Estate Association to James W. Malcolm, and by him assigned to the plaintiff. The corporation answered, alleging that the mortgage was in reality security for only $5,000, of which $2,000 had been paid. The case was regularly brought to trial,—the defendant association being represented in court by Mr. John H. Clapp, as its attorney,—and the plaintiff obtained judgment of foreclosure and sale. This judgment has now been set aside by the special term upon an affidavit of Mr. Clapp to the effect that he allowed judgment to be taken because Mr. Malcolm requested him to do so, and promised to see that the amount of the mortgage was properly adjusted afterwards at a sum much lower than the plaintiff's claim. Mr. Malcolm positively denies having made any such agreement, and the alleged promise certainly was not established by a preponderance of evidence. The defendant association had had its day in court. It failed to offer any proof in support of the defense it had set up, although its counsel had abundant opportunity to do so. The plaintiff proved the amount due, and took his decree in the regular and ordinary course of procedure; and we are unable to perceive any good reason, in law, why he should be deprived of the benefit thereof simply because of something said by Mr. Malcolm to Mr. Clapp. It does not appear that Mr. Malcolm, even if he did make the statements attributed to him, had any authority, or assumed, to represent the plaintiff. Nor does it seem probable that the defense pleaded by the respondent is meritorious. The statements in support thereof in the moving affidavits are on information and belief, while the papers in opposition contain direct and positive averments of fact tending to show that the plaintiff is entitled to the full amount of the judgment. It is not clear what interest the New Amsterdam Real-Estate Association can have had to vacate this judgment, inasmuch as the property covered by the plaintiff's mortgage has been sold upon the foreclosure of subsequent mortgages. We do not think a judgment should be set aside lightly, where the party against whom it runs has once had a fair and full opportunity to contest the claim of his adversary, and has practically conceded the validity of that claim by coming into court and allowing the judgment to be taken. To warrant interference in such circumstances, it must be made plain that the moving party has suffered an injustice, and such does not seem to us to be the case here. The order appealed from should be reversed, with costs. All concur.